## CROCKER *v.* ROBERTSON.

Where a mortgage contains a power of sale, constituting and appointing the mortgagee the trustee, and provides for the notice that is to be given—the place of sale—and all the steps that are to be taken in conducting the sale and making title to the purchaser, the mortgagee may sell, by giving notice in accordance with the terms of the instrument, and thus foreclose, without proceeding by civil action in the district court.

Where it is sought to enjoin the foreclosure of a mortgage, without proceeding by civil action in the district court, on the ground that the mortgage was executed to secure the payment of the purchase money of the said premises—that the covenants of the deed were broken—and that the vendor had no title to the land—the bill, in order to sustain an injunction, should allege either fraud or mistake, or show that the complainant would sustain irreparable injury, by being turned over to his legal remedy upon the covenants in the deed.

It is no ground for an injunction, to restrain the foreclosure of a mortgage without action, that the mortgage was executed to secure the unpaid purchase money of the premises, and that the mortgagee, when he conveyed the premises to the mortgagor, had no title to the land.

A mortgagor of real estate, cannot enjoin the foreclosure of a mortgage, executed to secure the unpaid purchase money of the premises, on account of defects in the title with which he was cognizant when he received the deed.

*Appeal from the Polk District Court.*

TUESDAY, JUNE 7.

The defendant was proceeding to foreclose a mortgage, by "notice and sale," when the plaintiffs transferred the entire proceedings to the district court, and obtained an injunction, as contemplated by section 2082 of the Code. At the next term, this injunction was, on motion of defendant, dissolved, and from this order plaintiffs appeal.

*J. M. Ellwood*, and *Cole & Jewett*, for the appellants.

*J. A. Kasson & Withrow*, for the appellee.

Wright, C. J.—The grounds for affirming this judgment, are abundant and conclusive. We shall confine our examination to the more prominent ones, and can best present our views on these, by considering those urged by plaintiffs to the defendant's right to foreclose.

And first, and principally, it is objected that the instrument which defendant was proceeding to foreclose, is a mortgage, and not a deed of trust, and that since the taking effect of the act of February 25, 1858, it could only be foreclosed by civil action in the district court. The instrument contains a power of sale, constituting and appointing the mortgagee the trustee, and points out definitely and minutely the notice that is to be given, the place of sale, and all the steps that are to be taken in conducting the same, and making title to the purchaser. The instrument is, therefore, in this respect, precisely similar to those in the cases of *Fanning* v. *Kerr*, 7 Iowa, 450, and *Collins* v. *Hopkins*, 7 Ib., 463, in both of which it was decided, that the mortgagee might sell by giving notice in accordance with the terms of the instrument, and thus foreclose, without proceeding by civil action in the district court. These cases must, therefore, be regarded as decisive of this question.

The land mortgaged, and which was about to be sold, was conveyed by defendant to Crocker, and this mortgage executed to secure the unpaid purchase money. It is objected now, that defendant had no title to the land—that the covenants of his deed are broken, and, therefore, he had no

right to proceed with the foreclosure of this mortgage.    To this position, it is well answered :

*First.* That there is no such showing in the bill, of either fraud or mistake, and no such showing that the plaintiffs would sustain an irreparable injury by being turned over to their legal remedy, upon the covenants claimed to be broken, as to justify the interference of a court of equity by injunction.    *Second.* It is fully shown that Crocker was well aware of the actual condition of the title of which he now complains, at the time he took the deed, and that there has been no change of parties or facts since that time.    *Third.* Granting the alleged defects to exist, plaintiffs are in no condition to complain.    At most, defendant is only proceeding, according to the plaintiff's own showing, to sell property to which they have no title.    Under such circumstances, it does not readily appear how they could be prejudiced, and, least of all, sustain such irreparable injury as would entitle them to an injunction.

Judgment affirmed.