## FINDLAY · V. KETTLEMAN *et al.*

1. ESTOPPEL BY DEED. In a proceeding to foreclose a bond as a mortgage the defendants are estopped from denying the validity of a title which they made to complainant.

*Appeal from Davis District Court.* ·

WEDNESDAY, DECEMBER 3.

THE complainant loaned to the defendant Carr, a certain sum of money, to secure which, Carr and wife conveyed to complainant their interest in certain real estate which the wife of Carr held by virtue of the will of her father, James Kettleman, deceased. The complainant executed to Carr and wife a bond, agreeing to reconvey upon the payment of the money loaned. The money not being paid when due, the complainant agreed with the respondent, John N. Kettleman, another heir and devisee of the said ·deceased, to extend the time of payment, he assuming to pay the debt of Carr and wife, and the complainant, with consent of Carr and wife, gave to the respondent, J. N. Kettleman, a bond agreeing to convey to him, the interest of Carr and wife, upon the payment of the money borrowed with interest. Kettleman having failed to pay, the complainant by this proceeding undertakes to enforce his lien for the money loaned and interest, treating the contract as a mortgage.

The defendants answer, alleging that plaintiff had no title; that he takes by purchase from Carr and wife, who hold under the will of James Kettleman, deceased, which prohibited the alienation of the land without the consent of other devisees, which consent, it is alleged, was never obtained. The complainant appeals from the judgment of the court in overruling a demurrer to this answer.

*C. C. Nourse* for the appellant.

*Palmer* for the appellees.

BALDWIN, C. J. — The demurrer should have been sustained. Upon the authority of *Lucas* v. *Hart*, 5 Iowa, 415, the defendants are estopped from denying the validity of the title they made to complainant. And, upon the authority of *Crocker* v. *Robertson*, 8 Iowa, 404, a mortgagor of real estate cannot enjoin the foreclosure of a mortgage executed to secure the unpaid purchase-money of the premises on account of the defects in the title of which he was cognizant when he received the deed. We think that the answer of a want of title, under this authority, is no defense to the right of foreclosure. Holding as we do, that the defendants are estopped from setting up this defense, it becomes immaterial in this case, to determine the question whether the devise to the heirs with a condition without any provision vesting the property in others, in case of forfeiture, is, in its operation, void, as a limitation. The holding of this provision of the will void, might affect the rights of the other heirs who are not parties to this proceeding.

Reversed.